Allan D. NewDelman, Esq. (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Facsimile: (602) 277-0144
Email: anewdelman@qwestoffice.net

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| In Re | ) In Proceedings Under |
| | ) Chapter 11 |
| Robert C. Highsmith and Lynn B. | ) |
| Highsmith, | ) Case No. 2:12-bk-05374 GBN |
| | ) |
| _____ Debtors. | ) Adv. No. 2:13-ap-00083 GBN |
| | ) |
| Robert C. Highsmith and Lynn B. | ) COMPLAINT TO DETERMINE THE |
| Highsmith, | ) VALIDITY, PRIORITY OR EXTENT |
| | ) OF A LIEN OR OTHER INTEREST IN |
| Plaintiffs, | ) PROPERTY |
| | ) |
| vs. | ) (22573 N. 79th Place |
| | ) Scottsdale, Arizona 85255) |
| Wells Fargo Bank. N.A.,; Target National | ) |
| Bank, f/k/a Retailers Bank; Sonoran Hills | ) |
| Master Community Homeowners | ) |
| Association, | ) |
| | ) |
| Defendants. | ) |
| | ) |

NOW COMES the Plaintiffs, Robert C. Highsmith and Lynn B. Highsmith, (hereinafter "Highsmith"), by and through undersigned counsel, Allan D. NewDelman, P.C., and hereby state for their Complaint as follows:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a), 11 U.S.C. § 1123(b)(5) and Rule 7001 et seq. Rules of Bankruptcy Procedure    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K).

2.      Plaintiffs reside in Maricopa County, Arizona and are the Debtors in the above captioned Chapter Eleven proceeding.

3.      Defendant, Wells Fargo Bank, N.A., (hereinafter "Wells Fargo") upon information and belief, is licenced to do, write and make residential mortgage loans in the state of Arizona.    Wells Fargo holds a second junior Deed of Trust upon the Property.

4.      Plaintiffs filed a voluntary Chapter11 petition on March 16, 2012, in the District of Arizona, Case No. 2:12-bk-05374 GBN.

5.      Plaintiffs, at the time of the filing of their case, were the owners of certain residential real property located at 22573 N. 79th Place, Scottsdale, Arizona 85255, (the "Property") with a legal description as follows:

> LOT 97, OR SONORAN HILLS, PARCEL J, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 465 OF MAPS, PAGE 17.

6.      The Property is worth no more than $820,000.00 as admitted by ING Bank, FSB, the first lienholder under a Deed of Trust (ING's Proof of Claim, Claim No. 17-1.)    In addition, Wells Fargo has filed a Proof of Claim (Claim No. 10-1) which judicially admits that the value of the Property is estimated at $735,000.00.

2

7.     The Property is subject to a first mortgage lien in favor of ING Bank, FSB (hereinafter "ING"). ING asserted that the amount owed on its first mortgage lien was $1,238,765.08. A copy of ING's Proof of Claim is attached hereto as **Exhibit "A"**.

8.     The Property is also subject to two (2) Judgment liens, as follows:

   a.    Target National Bank f/k/a Retailers National Bank arising out of CC2010-423708/TJ2011-008029 and recorded with Maricopa County Recorder Instrument No. 2011-392820 in the sum of $5,620.98, and any other amounts due therein; and

   b.    Sonoran Hills Master Community Homeowners Association arising out of CC2011-046596/TJ2011-011093 and recorded with Maricopa County Recorder Instrument No. 2011-487299 in the sum of $2,387.77 and any other amounts therein.

9.     Plaintiffs assert that after applying the first mortgage lien of ING that there is no equity remaining for which any of the Defendants' liens would attach.

Appraised Value of the Property          $820,000.00 (per ING first lienholder - Wells estimated $735,000.00)
Less: First Mortgage Lien (ING)          $1,238,765.00
Available Equity for Second lien
and Judgment lienholders                  $-0-

10.    Plaintiffs assert that pursuant to 11 U.S.C. §506(a)(1), Defendants' claims are totally unsecured and may be avoided.

**WHEREFORE**, Plaintiffs pray that this Honorable Court find in favor of the Plaintiffs and Order the following:

   a.    That there is insufficient equity for the Defendant, Wells Fargo's second lien to attach to.

   b.    That the Defendant, Wells Fargo's second mortgage lien is totally unsecured and may be avoided.

3

c. That Wells Fargo Bank, N.A., shall have a general unsecured claim in the amount of $90,091.64.

d. That there is insufficient equity for the Defendant, Target National Bank's Judgment lien to attach to.

e. That the Defendant, Target National Bank's Judgment lien is totally unsecured and may be avoided.

f. That Defendant, Target National Bank, shall have a general unsecured claim in the amount of $5,620.98.

g. That there is insufficient equity for the Defendant, Sonoran Hills Master Community Homeowners Association's Judgment lien to attach to.

h. That the Defendant, Sonoran Hills Master Community Homeowners Association's Judgment lien is totally unsecured and may be avoided.

i. That Defendant, Sonoran Hills Master Community Homeowners Association, shall have a general unsecured claim in the amount of $2,387.77.

j. That the Order of this Court may be recorded and the same shall have the effect of voiding the liens on the public records upon substantial consummation of the Debtor's Chapter 11 Plan of Reorganization.

///

4

1         k.      That the Order of this Court survive conversion of this case to another

2 Chapter or dismissal.

3         l.      That Plaintiffs recover any additional relief that this Court may deem just

4

5 and proper.

6         DATED this __25__ day of January, 2013.

7

8                           ALLAN D. NEWDELMAN, P.C.

9

10                           /s/ Allan D. NewDelman

11                           Allan D. NewDelman
                                 Attorney for Debtors/Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT "A"

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT | District of Arizona | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Robert C. & Lynn B Highsmith | Case Number:<br>2:12-bk-05374-GBN | **FILED**<br><br>OCT 0 9 2012 |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA
COURT USE ONLY

Name of Creditor (the person or other entity to whom the debtor owes money or property):
ING Bank, fsb

| Name and address where notices should be sent:<br>ING Bank, fsb<br>1 S. Orange St.<br>Wilmington, DE 19801<br><br>Telephone number: (877) 464-7318  email: bankruptcy@ingdirect.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on:_____ |
|---|---|
| Name and address where payment should be sent (if different from above):<br>ING Bank, fsb<br>P.O. Box 60<br>St. Cloud, MN 56302<br><br>Telephone number: (877) 464-7318  email: bankruptcy@ingdirect.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**  $ 1,238,765.08

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage Note
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>1 2 2 4 | **3a. Debtor may have scheduled account as:**<br><br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: 22573 N 79th Pl, Scottsdale, AZ 85255

Value of Property: $ 660,000.00

Annual Interest Rate 3.750% ☐ Fixed or ☑ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ 27,510.16

Basis for perfection: Note and recorded DOT

Amount of Secured Claim: $ 660,000.00

Amount Unsecured: $ 578,765.08

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)( ). | **Amount entitled to priority:**<br>$ |

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain.

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Jennifer Meloro
Title: Senior Bankruptcy Associate
Company: ING Bank, fsb
Address and telephone number (if different from notice address above):

(Signature)    10/04/2012 (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there are exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check the box if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**DEFINITIONS**

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**INFORMATION**

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system
(www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(c), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Case Number: 12-5374

Creditor: ING. BANK, fsb

Date Filed: 10/9/12

Atty / Trustee: Allan Nendelman

# CLAIM ATTACHMENTS
# EXCEED TEN PAGES
# PURSUANT TO THE ECF INTERIM
# OPERATING ORDER NO. 8
# THE ORIGINAL ATTACHMENTS
# HAVE BEEN SENT TO THE
# CASE TRUSTEE
# OR
# THE ATTORNEY FOR
# THE DEBTOR-IN-POSSESSION